# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY L.G. JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2328 SRC |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This fee-paid case filed by self-represented plaintiffs Jeffrey L.G. Johnson and Joseph Johnson ("Plaintiffs") is before the Court on the following motions: Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant City of St. Louis, Missouri's Motion to Dismiss, Defendant Rajesh Subramaniam's Motion to Dismiss, and Defendant Andrew Berg's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiffs oppose the motions to dismiss and have filed numerous motions for default judgment against various defendants, a motion for sanctions against the Clerk of the Court, and motions for discovery. For the following reasons, the Court dismisses this action with prejudice for failure to state a claim upon which relief can be granted and denies Plaintiffs' motions as moot.

**I.    BACKGROUND**

This is the fifth action filed with respect to the same subject matter by Plaintiffs together, separately, or with other plaintiffs. In the four prior suits Plaintiffs were self-represented and sought leave to proceed in forma pauperis. Each prior case was dismissed by the Court on one of the grounds specified in 28 U.S.C. § 1915(e)(2)(B). *See Johnson, et al. v. United States, et al*, No. 4:19-CV-1694 ERW (E.D. Mo. July 8, 2019) (filed by both Plaintiffs; finding Plaintiffs'

allegations "clearly baseless" and dismissing case as "factually frivolous" pursuant to § 1915(e)(2)(B)(i)); *Johnson, et al. v. United States, et al.*, No: 4:12-CV-2155 AGF (E.D. Mo. Dec. 12, 2012) (filed by Plaintiff Joseph Johnson and others; finding complaint "incoherent" and its allegations as "wholly delusional" and dismissing case pursuant to 28 U.S.C. § 1915(e)); *Johnson, et al. v. United States, et al.*, 4:12-CV-896 JAR (E.D. Mo. May 23, 2012) (filed by both Plaintiffs; finding the complaint "nothing more than a tirade of nonsensical accusations concerning Plaintiffs' dissatisfaction with the outcome of their previous cases"[1] and finding the "main purpose of the instant lawsuit is not to rectify any cognizable harm, but only to harass and disparage the judges and lawyers who had anything to do with plaintiffs' previous litigation, and others who had nothing to do with the litigation;" dismissing case with prejudice under § 1915(e) as malicious); Johnson v. Obama, et al, No. 4:10-CV-2303 RWS (E.D. Mo. Dec. 14, 2010) (filed by plaintiff Jeffrey L.G. Johnson; finding complaint described "fantastic or delusional scenarios" or contained "fanciful factual allegations;" dismissing case under § 1915(e)(2)).

This Court described the complaint in the first case Plaintiffs filed concerning the relevant subject matter, *Johnson v. Obama, et al.*, No. 4:10-CV-2303 RWS, as follows:

> Plaintiff, a resident of St. Louis, Missouri, purports to be an "executor." He sues several categories of high-level government officials, including the current and former presidents of the United States, justices of the Supreme Court, speakers of the U.S. House of Representatives, attorneys general, directors of the Central Intelligence Agency, directors of the Federal Bureau of Investigation and various others. Plaintiff summarizes his lengthy complaint as "charg[ing] the Defendants [with] knowingly and recklessly participating in a conspiracy with state actors of the State of Missouri in a scheme stemming from the initial defrauding of an estate, to executing a domestic surveillance and intercept program by the Defendant, (U.S.), under a shroud of secrecy by the federal Courts, the office of

---

[1] Plaintiffs' complaint in Case No. 4:12-CV-896 JAR referenced prior proceedings before this Court in two cases: *Johnson v. Astrue*, No. 4:10-CV-497 CAS/FRB (E.D. Mo. Nov. 23, 2010), a Social Security appeal filed by Plaintiff Joseph Johnson that was dismissed for lack of subject matter jurisdiction, and *Johnson v. Obama, et al.*, No. 4:10-CV-2303 RWS (E.D. Mo. June 3, 2011).

>the Chief Executive of the President(s), the U.S. Congress and State actors of the State of Missouri from 1988-present."

*Johnson v. Obama, et al.*, No. 4:10-CV-2303, Mem. and Order of Dec. 14, 2010, Doc. 6 at 1-2.

The instant case, and the other prior cases listed above, contain similar allegations. Here, the Complaint is 84 pages long and names 200 defendants as well as "Unknown Does." Plaintiffs caption their Complaint "In re: Estate of P.D. & Vandelia W. Johnson," describe themselves as Jeffrey L.G. Johnson, "Executor," and Joseph Johnson, "Estate's Legal Proxy" and assert in a footnote that additional plaintiffs are P.D. Johnson, Vandelia Johnson, and six other named persons "in re Estate No. 3-87-0974-P-D." Complaint at 11, n.1. The Complaint asserts that both federal question and diversity of citizenship jurisdiction exist and references numerous federal civil statutes and criminal statutes, the Missouri Constitution, and various Missouri criminal and civil statutes.

The first paragraph of the Complaint states that Plaintiffs including estate members "petition joinder and remedy those similar circumstanced under Title III surveillance seek relief under the 42 U.S.C. § 1983, 1866 Civil Rights Act, 14 Stat. Sec. 27-30, Title VII 1964 Civil Rights Act §§ 2000e et seq. 42, Federal Tort Claims Act, ("FTCA"), and 28 S (sic) 1981[.]" Complaint at 12. A later paragraph in the Complaint titled "Background" states:

>*State of Missouri probate proceeding No. 3-87-0974-P-D morphs into Title III surveillance, eavesdropping, and interception program by the United States and State of Missouri, with mitigating criminal violations of human rights under international law, and murder of a U.S. citizen by an employee of a Foreign City, State [Vatican] whose sovereign immunity waived 28 U.S.C.A. 1601 et seq.

Complaint at 42.

Plaintiffs later filed a Court-provided civil complaint form (Doc. 4) that refers back to the original complaint for all of its legal and factual allegations except for the following at Section III, Statement of Claim: "Inter alia defendants acting 'collectively' inter alia continues to violate

3

plaintiffs' civil rights Fourth Amendment (see complaint filed 8/9/2019)." Doc. 4 at 5. Although Document 4 was docketed by the Clerk of the Court as an Amended Complaint, the Court will liberally construe it as a supplement to the original Complaint. Plaintiffs also filed a "Petition for Relief and Statement of Defendants' Capacity" (Doc. 5) that the Court will consider as a supplement to the original Complaint.

Defendants include many high-level government officials, including the current and former presidents of the United States, current and former justices of the Supreme Court, U.S. House and Senate leaders, the U.S. Department of Justice and certain of its officials, various federal agencies and certain of their directors and employees, including the Central Intelligence Agency, Federal Bureau of Investigation, Department of Homeland Security, National Security Agency, and others; current and former Eighth Circuit, Federal Circuit and District of Columbia Circuit judges, District of Columbia federal judges, other federal courts and judges, and most of the judges of this Court; the Social Security Administration, its commissioner and some of its judges and administrators; the State of Missouri, its current and one former governor, the Missouri Attorney General's Office and personnel, the Missouri General Assembly, Missouri Supreme Court and certain judges thereof; St. Louis County, Missouri, and some county officials, the Circuit Court of St. Louis County; the City of St. Louis, the St. Louis Circuit Attorney's Office, the St. Louis City Medical Examiner's Office, the St. Louis City Circuit Court/Probate Division and certain judges and former judges thereof; the Vatican; and the presidents and/or CEOs of Federal Express Corporation, AT&T Communications, Verizon Communications, Charter Communication, Angelica Corporation. Some of the named Defendants are deceased, including Ronald Reagan and Thurgood Marshall.

## II. STANDARD

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all factual allegations in the light most favorable to the nonmoving party. The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[;]'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (first alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). The Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019).

Pleadings filed by self-represented persons are to be liberally construed and are held to less stringent standards than those drafted by an attorney. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Nonetheless, such pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quoted case omitted).

## III.     DISCUSSION

### A.  City of St. Louis, Missouri's Motion to Dismiss

The City of St. Louis, Missouri ("City") moves to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) on three grounds.  The City argues that the Complaint: (1) is barred by the principal of res judicata based on this Court's dismissal of plaintiffs' prior similar case, *Johnson, et al. v. United States, et al.*, No. 4:19-CV-1964 ERW (E.D. Mo.); (2) fails to comply with Rule 8 of the FRCP because it does not contain a short and plain statement of the claim and instead contains "various incomprehensible allegations;" and (3) fails to state a claim against the City upon which relief may be granted because it is devoid of any factual allegations sufficient to state a claim against the City on any viable legal theory.

In the interests of judicial economy, the Court will address the City's third argument, that the Complaint fails to state a claim against the City upon which relief may be granted.[2]  The

---

[2] The Court cannot agree with the City's position that res judicata bars the instant complaint based on the dismissal of plaintiffs' complaint in *Johnson v. United States*, No. 4:19-CV-1694 ERW (E.D. Mo.).  That case was dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  The City's assertion that "dismissals for frivolousness and for failure to state a claim under § 1915(e)(2)(B)(i) are final decisions on the merits and have a *res judicata* effect" (Doc. 8 at 4) is not supported in the context of this case.  In *Denton v. Hernandez*, the Supreme Court held that dismissal under an earlier version of the statute, 28 U.S.C. § 1915(e), "is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute."  504 U.S. 25, 34 (1992).  Accordingly, the Supreme Court held this type of dismissal "does not prejudice the filing of a paid complaint making the same allegations."  *Id*.  The Supreme Court's holding in *Denton* describes the procedural posture of the present case.  The Supreme Court left open the question of whether dismissal under § 1915(e) "could ... have a res judicata effect on frivolousness determinations for *future in forma pauperis petitions*."  *Denton*, 504 U.S. at 34 (emphasis added).  The Eighth Circuit subsequently answered this question in the affirmative in the case cited by the City, *Pointer v. Parents for Fair Share*, 87 F. App'x 12 (8th Cir. 2004) (unpublished per curiam) (affirming dismissal of in forma pauperis complaint under § 1915(e)(2)(B) on the basis of res judicata where earlier, similar complaint was dismissed as frivolous under the statute).  Because the plaintiffs in this case paid the filing fee, *Pointer* is inapplicable.  The City did not cite an Eighth Circuit case approving the use of res judicata to bar a fee-paid case following a dismissal without prejudice as frivolous under § 1915(e)(2)(B).

This Court did dismiss another of plaintiffs' prior cases *with* prejudice as malicious under 28 U.S.C. §1915(e) in *Johnson v. United States*, No. 4:12-CV-896 JAR (E.D. Mo.).  No party has argued that the

Complaint is lengthy and contains many statements of general legal principles, quotations from cases, references to statutes, and recitations of legal jargon and conclusions.  The Complaint refers repeatedly to unfavorable outcomes with respect to a probate court case filed in 1988 and subsequent civil actions filed by Plaintiffs, and allegations that judges and courts treated them unfairly and/or illegally.  The Complaint contains many references to "Title III surveillance" and "Title III spying" that Plaintiffs allege the various Defendants conspired to promote and/or conceal from Plaintiffs.

The only facts, as opposed to legal conclusions, alleged in the complaint as to the City are that in 1988, Plaintiffs met with the City's former Medical Examiner, Dr. Michael Graham, and informed him that St. Louis University Hospital conducted an autopsy on Vandelia W. Johnson in violation of state law.  Plaintiffs allege Dr. Graham stated, "that is not unusual," which was false because Graham knew or should have know that all suspicious deaths occurring at medical facilities within the City fell under the jurisdiction of the Medical Examiner's Office for investigation.  Plaintiffs also informed Dr. Graham that a second autopsy report was generated without the hospital being in possession of the body, the report disclosed "the theft of human remains by the hospital," and Graham did not investigate the suspicious death at the hospital. Plaintiffs allege that the hospital later hired Graham as an instructor in pathology in a "quid pro quo scheme" in order to conceal the criminal offenses of 2nd degree murder and theft of human remains.  Complaint ¶¶ 213-17.

Ordinarily, in addressing a motion to dismiss, the Court would analyze the complaint count by count, stating the elements of the causes of action, and then determining whether the

---

dismissal in No. 4:12-CV-896 JAR bars the instant complaint on res judicata grounds, and the Court will not address the matter on its own motion.

plaintiff alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). In this case, plaintiffs' complaint alleges so few facts, as opposed to legal conclusions, recitation of legal jargon, and allegations so fantastic or delusional that they rise to the level of the irrational and wholly incredible, that the Court declines to address each purported count separately. The Eighth Circuit has recently approved this procedure where so few facts are alleged in a complaint. *See Glick v. Western Power Sports, Inc.*, __ F.3d __, 2019 WL 6571150, at *2 (8th Cir. Dec. 5, 2019) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.")).

Here, reviewing Plaintiffs' complaint as a whole and liberally construing all facts in favor of Plaintiffs, the Court finds there are no facts pleaded that could support any viable legal theory against the City. The Court grants the City's motion to dismiss for failure to state a claim under Rule 12(b)(6).

### B. United States' Motion to Dismiss

The United States moves to dismiss Plaintiffs' complaint under Rule 12(b)(6), and moves in the alternative for a more definite statement. As a threshold matter, although the United States' Motion is titled "Motion to Dismiss for Lack of Subject Matter Jurisdiction," the body of the motion cites to Rule 12(b)(6), the Memorandum in Support of the Motion cites to Rule 12(b)(6), and the United States argues that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. This is the applicable standard for dismissal under Rule 12(b)(6). Consequently, the Court finds the United States mistitled its Motion and will construe the motion

to dismiss as one under Rule 12(b)(6). The motion is filed on behalf of all the federal defendants named in the Complaint, which the United States asserts comprise 137 of the defendants.

First, the United States argues Plaintiffs fail to state a claim against the federal defendants because the Amended Complaint contains no factual or legal allegations against any federal defendant and does not include any clear request for relief against any federal defendant. The United States argues that under Eighth Circuit precedent, the Amended Complaint completely replaces the original complaint, and standing alone it fails to state a claim against any federal defendant. Because the Court has determined that it will construe the Amended Complaint as a supplement to the original complaint, it declines to address this argument.

The United States next argues that Plaintiffs have not properly served any of the federal defendants with summons and complaint in this case under FRCP Rule 4(i)(1)-(3). If the United States wished to seek dismissal on the basis of insufficiency of process or insufficiency of service of process, it should have filed a motion to dismiss under Rule 12(b)(4) or 12(b)(5). It did not do so and the Court will not address this point further.

Finally, the United States moves to dismiss Plaintiffs' Complaint on the basis that it does not allege any jurisdictional basis for Plaintiffs' claims, fails to provide specific factual allegations against the United States, does not include any dates of alleged "Title III surveillance," and does not include any basis for any damages allegedly sustained by Plaintiffs.

As described and stated above, Plaintiffs' Complaint alleges so few facts, as opposed to legal conclusions, recitation of legal jargon, and allegations so fantastic or delusional that they rise to the level of the irrational and wholly incredible, that the Court declines to separately address each purported count against the many federal defendants. *See Glick*, 2019 WL 6571150, at *2. Reviewing Plaintiffs' Complaint as a whole and liberally construing all facts in

favor of the plaintiffs, the Court finds there are no facts pleaded that could support any viable legal theory against any of the federal defendants. Plaintiffs make repeated vague and conclusory allegations concerning "Title III surveillance" and "Title III spying" but these allegations are unmoored from specific factual allegations against particular federal defendants, and to the extent they are based on factual allegations, these are nonsensical, delusional, and wholly incredible. The Court grants the United States' Motion to Dismiss for failure to state a claim under Rule 12(b)(6). The Court denies its motion for more definite statement as moot.

### C. Defendant Subramaniam's Motion to Dismiss

Defendant Rajesh Subramaniam (sued as "Raj Subramaniam") moves to dismiss Plaintiffs' claims against him for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Complaint purports to assert a claim against Subramaniam under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. The Eighth Circuit has discussed key principles of the RICO statute and cause of action as follows:

> RICO states, "It shall be unlawful for any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "Racketeering activity" includes "a host of so-called predicate acts," *Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 647, including those "indictable under [18 U.S.C.] section 1341 (relating to mail fraud) [and] section 1343 (relating to wire fraud)," 18 U.S.C. § 1961(1)(B). RICO allows a person victimized by a racketeering scheme to bring a civil action, *see id.* § 1964(c), and "provides for drastic remedies"—"a person found in a private civil action to have violated RICO is liable for treble damages, costs, and attorney's fees." *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 233 (1989).
>
> "[I]nherent in the statute as written" is the fact civil actions under § 1964(c) are typically brought against "respected and legitimate enterprises" "rather than against the archetypal, intimidating mobster." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 499 (1985) (quotation and marks omitted). But "RICO 'does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.'"

*Crest Constr. II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir. 2011) (quoting *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006)). "We have in the past rejected attempts to convert ordinary civil disputes into RICO cases . . . . RICO was not intended to apply to 'ordinary commercial fraud.'" *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1029 (8th Cir. 2008) (quoting *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank,* 934 F.2d 976, 981 (8th Cir. 1991)).

"A violation of § 1962(c) requires appellants to show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Nitro Distrib., Inc. v. Alticor, Inc.,* 565 F.3d 417, 428 (8th Cir. 2009) (quoting *Sedima,* 473 U.S. at 496).

> [T]he definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern "*requires* at least two acts of racketeering activity," not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern."

*Sedima,* 473 U.S. at 496 n. 14 (quoting § 1961(5)). "[T]o prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, *and* that they amount to or pose a threat of *continued* criminal activity." *H.J. Inc.,* 492 U.S. at 239 (second emphasis added). "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* at 242. "Continuity can be shown by related acts continuing over a period of time lasting at least one year (closed ended continuity), or by acts which by their very nature threaten repetition (open ended continuity)." *United States v. Hively,* 437 F.3d 752, 761 (8th Cir. 2006) (internal citation omitted).

*Stonebridge Collection, Inc. v. Carmichael*, 791 F.3d 811, 822–23 (8th Cir. 2015) (parallel citations omitted).

The Complaint alleges that Subramaniam is the president and chief executive officer of defendant FedEx Corporation. Doc. 1 at 10, 36. The Complaint alleges that Plaintiffs sent a letter addressed to Michael Avenatti, Esq. in Newport Beach, California, and although FedEx

11

delivered a number of other letters sent by Plaintiffs, it did not deliver the letter to Mr. Avenatti.

Doc. 1 at 35-36, ¶¶ 143-145. Plaintiffs allege further:

> 146. Defendant [Christopher] Wray under EO 12333, sec. 1.14(a) conducting non-counterintelligence activity within the United States, more-likely-than-not under the direction and supervision of defendant [Jefferson] Sessions, defendant Wray obstructed the delivery of said correspondence [to Mr. Avenatti] acting in concert with defendant Frederick W. Smith, Chairman, CEO, FedEx Corporation, or successor Raj Subramaniam, or agent defendant Unknown Doe FedEx [employee].

Doc. 1 at 36, ¶ 146 (last brackets in original).

As the Eighth Circuit has stated, "A violation of § 1962(c) requires appellants to show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Nitro Distrib.*, 565 F.3d at 428 (quoting *Sedima*, 473 U.S. at 496). The particularity requirements of Rule 9(b) apply to allegations of mail fraud and wire fraud when used as predicate acts for a RICO claim. *Murr Plumbing, Inc. v. Scherer Fin.*, 48 F.3d 1066, 1069 (8th Cir. 1995). "Thus, a plaintiff must specifically allege the 'circumstances constituting fraud," Fed. R. Civ. P. 9(b), including 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (citations omitted).

Plaintiffs' factual allegations against Subramaniam are implausible and fail to state a claim upon which relief can be granted under RICO. The Complaint contains a conclusory allegation that on an unspecified date, Subramaniam "acted in concert" in an unspecified manner with Christopher Wray, the current Director of the Federal Bureau of Investigation, to "obstruct" the delivery of plaintiffs' letter addressed to Mr. Avenatti. There are no facts alleged from which the Court could plausibly infer that FedEx Corp.'s president and CEO was involved in deciding

that one package among all of those FedEx delivers should not be delivered, that he knows defendant Wray, or that Subramaniam and Wray acted together.

In addition, the Complaint fails to allege facts to plausibly show that Subramaniam engaged in a "pattern" of "racketeering activity." "'Racketeering activity' includes acts indictable under specified federal statutes. 18 U.S.C. § 1961(1)(B)." *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 990 (8th Cir. 1989). Although Plaintiffs allege Subramaniam violated the Hobbs Act, 18 U.S.C. § 1951(a), a statute that can form the basis for a RICO claim, they have not alleged he engaged in conduct violating that Act. The Hobbs Act imposes criminal liability on a person who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by *robbery or extortion* . . ." 18 U.S.C. § 1951(a) (emphasis added). Plaintiffs attempt to allege Subramaniam obstructed commerce by playing some role in the non-delivery of the letter to Avenatti, but the allegation is insufficient to allege a Hobbs Act violation. A defendant only violates the Hobbs Act when he obstructs commerce by "robbery or extortion." *See Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9, 17 (2006). Because the Complaint contains no such allegations, it does not allege Subramaniam engaged in racketeering activity.

Further, Plaintiffs' Complaint fails to state a RICO claim because it does not allege Subramaniam engaged in a pattern of racketeering activity. A pattern of racketeering activity under RICO "consists of at least two predicate acts of racketeering committed within a ten-year period." 18 U.S.C. § 1961(5). "[T]o prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc.*, 492 U.S. at 239 (second emphasis added). "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series

of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* at 242. "Continuity can be shown by related acts continuing over a period of time lasting at least one year (closed ended continuity), or by acts which by their very nature threaten repetition (open ended continuity)." *Hively*, 437 F.3d at 761.

Here, the Complaint alleges Subramaniam committed only one act – obstructing delivery of their letter to Mr. Avenatti – and no threatened future criminal conduct. Plaintiffs therefore do not allege facts to plausibly show a pattern of racketeering activity, and thus fail to allege a valid RICO claim. The Court grants Defendant Subramaniam's motion to dismiss under Rule 12(b)(6).

### D.  Defendant Berg's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Andrew Berg moves to dismiss Plaintiffs' claims against him for lack of personal jurisdiction and also opposes Plaintiffs' motion for default judgment against him. In support of his Motion, Defendant Berg asserts that he was never served with a copy of the summons and complaint in this case as required by FRCP Rule 4. Defendant Berg submits an affidavit in support of his Motion in which he avers, among other things, that he was never personally served with summons and complaint, no copy of the summons and complaint was left at his usual place of abode with someone of suitable age and discretion who resided there, and he has never authorized any person, firm, or other entity to receive service of process on his behalf or to act as agent authorized by appointment to received service of process on his behalf. Doc. 48-1 at 2. Berg further avers that he did not receive a copy of the summons and complaint by certified mail and did not refuse service of process by certified mail. *Id.* at 2-3.

As a procedural matter, the substance of Defendant Berg's motion does not address the facts alleged in the Complaint against him and the legal standards relevant to the existence of personal jurisdiction under Rule 12(b)(2), but actually challenges the lack of delivery of summons and complaint. "A motion under Rule 12(b)(5) is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1353 (3d ed., Aug. 2019 Update); Fed. R. Civ. P. 12(b)(5).

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he has actual notice of the suit. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (cited case omitted). Once a plausible challenge to the sufficiency of service of process is made, the plaintiffs bear the ultimate burden to make a prima facie showing that service was valid under governing law. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).

Rather than construing Defendant Berg's motion as one under Rule 12(b)(5) and addressing its merits, the Court denies the Motion without prejudice in the interest of judicial efficiency. For the reasons discussed below, the Court on its own motion dismisses Plaintiffs' remaining claims against all Defendants for failure to state a claim upon which relief can be granted and as frivolous. The Court further denies as moot Plaintiffs' motions for default judgment.

### E. Dismissal of Plaintiffs' Remaining Claims

After service of process in a fee-paid case, a court may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) on its own motion if the plaintiffs have failed to state a claim upon which relief can be granted. *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (per

curiam); *Smith v. Boyd*, 945 F.2d 1041, 1042-1043 (8th Cir. 1991); *see Smithrud v. City of St. Paul*, 746 F.3d 391, 395, 396 n.3 (8th Cir. 2014). Prior to service of process, a court may dismiss claims under Rule 12(b)(6) on its own motion only if the complaint is frivolous, *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996); *Addison v. Pash*, 961 F.2d 731, 732 (8th Cir. 1992) (per curiam), or "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint," *Smith*, 945 F.2d at 1043.

Here, several defendants filed motions to dismiss. Thus, Plaintiffs are on notice of alleged deficiencies in their Complaint. There are numerous defendants, however, that were either not served with summons and complaint or were served and have not filed a responsive pleading.[3] As a result, out of an abundance of caution the Court dismisses Plaintiffs' claims against these defendants on its own motion only upon a finding that the Complaint is frivolous, or that it is patently obvious Plaintiffs could not prevail based on the facts alleged in the Complaint. Both standards are fully met here.

The Court has carefully reviewed the entire Complaint as supplemented, viewing the facts and all reasonable inferences therefrom in the light most favorable to Plaintiffs. As previously stated, the Complaint is primarily comprised of legal conclusions, recitation of legal jargon, and factual allegations that are nonsensical, fantastic, or delusional, such that they rise to the level of the irrational and wholly incredible. Plaintiffs do not plead facts that could support any plausible cause of action against any of Defendants. Under these circumstances, the Court declines to address each purported count separately as against each defendant, *see Glick*, 2019 WL 6571150, at *2, but finds the Complaint as a whole is frivolous, *see Porter*, 99 F.3d at 273,

---

[3] Plaintiffs requested and were issued numerous summonses but have filed executed returns of service on only a few defendants. *See* Docs. 12, 13.

16

and further finds it is patently obvious Plaintiffs could not prevail based on the facts alleged. *See Smith*, 945 F.2d at 1043. Consequently, on its own motion, the Court dismisses all of Plaintiffs' claims against all of the remaining defendants.

### F. Plaintiffs' Motions

Plaintiffs have filed several motions for entry of default judgment by the Clerk and for default judgment against various defendants. The Court denies these motions as moot based on the Court's dismissal of Plaintiffs' claims. Moreover, even if any defendants were properly served with summons and complaint and failed to file a responsive pleading, a court may not enter a default judgment where a complaint is insufficient to state a claim. *See Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (vacating the district court's entry of default judgment against a party who failed to file a timely answer because, despite the untimeliness of the answer, the complaint was insufficient to state a claim); *see also Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (court must not enter default without first determining whether "the unchallenged facts constitute a legitimate cause of action[.]") (quoted source omitted). Further, mere conclusions of law and recitations of the elements of the causes of action do not constitute "unchallenged facts." *Marshall*, 616 F.3d at 852.

The Court denies Plaintiffs' motion for recusal of Judge Audrey G. Fleissig from presiding over this matter pursuant to 28 U.S.C. § 455, as Judge Fleissig disqualified herself from the case by Order of October 3, 2019. *See* Doc. 19. The Court denies Plaintiffs' remaining motions either because they are moot based on the Court's rulings herein or because they are without merit.

17

## IV. CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss filed by Defendants City of St. Louis, Missouri, the United States on behalf of all federal defendants, and Raj Subramaniam for failure to state a claim upon which relief can be granted. The Court denies Defendant Berg's motion to dismiss for lack of personal jurisdiction without prejudice. On the Court's own motion, all claims in plaintiffs' complaint, as supplemented, are dismissed for failure to state a claim upon which relief can be granted and as frivolous. The Court denies all of plaintiffs' pending motions. The Court dismisses this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant the City of St. Louis, Missouri's motion to dismiss is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that the United States' motion to dismiss for lack of subject matter jurisdiction, construed as a motion to dismiss for failure to state a claim upon which relief can be granted, is **GRANTED** as to all federal defendants. [Doc. 25]

**IT IS FURTHER ORDERED** that Defendant Raj Subramaniam's motion to dismiss is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that Defendant Andrew Berg's motion to dismiss for lack of personal jurisdiction is **DENIED without prejudice**. [Doc. 48]

**IT IS FURTHER ORDERED** that on the Court's own motion, all remaining claims in Plaintiffs' Complaint, as supplemented, are **DISMISSED with prejudice** as against all Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for recusal of judge is **DENIED as moot**. [Doc. 16]

**IT IS FURTHER ORDERED** that Plaintiffs' motions for entry of clerk's default and for default judgment are **DENIED as moot**. [Docs. 14, 15, 36-44]

**IT IS FURTHER ORDERED** that Plaintiffs' other motions are **DENIED**. [Docs. 9, 17, 23, 27-30, 45]

An appropriate order of dismissal with prejudice will accompany this Memorandum and Order.

Dated this 19th day of December, 2019.

SLR.CR

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**