# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY L.G. JOHNSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:19-cv-02328 SRC |
| UNITED STATES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on post-judgment motions filed by self-represented Plaintiffs Jeffrey L.G. Johnson and Joseph Johnson. These are Plaintiffs' "Motion to Reconsider Motion to Set-Aside Order and Judgment Motion to Recuse Motion for Appointment of Master" [53]; Plaintiffs' "Motion to Compel Discovery and Proposed Order Compelling Defendant Produce Documents" directed to United States Attorney Jeffrey B. Jensen [54], St. Louis County Counselor Beth Orwick [55], and Clerk of Court Gregory J. Linhares [56]; and Plaintiffs' "Motion Amending to Add Defendant Failure to Issue Pretrial Conference Order" which seeks to add United States District Judge Ronnie L. White as a defendant in this case [57]. For the following reasons, these motions will be denied.

## I.    BACKGROUND

Plaintiffs filed this action on August 9, 2019 and paid the filing fee. The Complaint is 84 pages long and names 200 defendants as well as "Unknown Does." The defendants include many high-level government officials, including the current and former presidents of the United States, current and former justices of the Supreme Court, U.S. House and Senate leaders, the U.S. Department of Justice and certain of its officials, various federal agencies and certain of their directors and employees; current and former Eighth Circuit, Federal Circuit and District of

Columbia Circuit judges, District of Columbia federal judges, other federal courts and judges, and most of the judges of this Court; the Social Security Administration, its commissioner and some of its judges and administrators; the State of Missouri, its current and one former governor, the Missouri Attorney General's Office and personnel, the Missouri General Assembly, Missouri Supreme Court and certain judges thereof; St. Louis County, Missouri, and some county officials, the Circuit Court of St. Louis County; the City of St. Louis, the St. Louis Circuit Attorney's Office, the St. Louis City Medical Examiner's Office, the St. Louis City Circuit Court/Probate Division and certain judges and former judges thereof; the Vatican; and the presidents and/or CEOs of Federal Express Corporation, AT&T Communications, Verizon Communications, Charter Communication, Angelica Corporation. Some of the named defendants are deceased.

Several of the defendants filed dispositive motions. By Memorandum and Order of December 19, 2019, the Court addressed the merits of each pending motion and dismissed Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted and as frivolous. The Memorandum and Order described Plaintiffs' litigation history in this Court. After a careful review of the Complaint, the Court on its own motion dismissed all remaining claims in Plaintiffs' Complaint with prejudice on the basis it was patently obvious Plaintiffs could not prevail based on the facts alleged in the Complaint and because the Complaint was frivolous. The Court also denied Plaintiffs' motions for entry of clerk's default and for default judgment and other miscellaneous motions.

## II. DISCUSSION

### A. Motion to Reconsider

Plaintiffs filed a "Motion to Reconsider Motion to Set-Aside Order and Judgment Motion to Recuse Motion for Appointment of Master." The Federal Rules of Civil Procedure do not authorize a motion to reconsider. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078,

2

1081 (8th Cir. 1993). Where a motion to reconsider is made in response to a final order, as here, it should be construed as a motion under Rule 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000).

District courts have broad discretion in deciding whether to grant a motion under Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

Plaintiffs assert that the undersigned district judge failed to disclose he was a defendant in an unrelated civil rights lawsuit in this Court at the time the Memorandum and Order was entered in this case and, as a result, "to a reasonable person there is the potential for judicial bias, impropriety . . . , or lack of impartiality." Doc. 53, pg. 1. Plaintiffs also assert the potential for impartiality because other judges of this Court were named as defendants. The case Plaintiffs cite was dismissed on December 5, 2019 as frivolous, malicious, and part of a pattern of abusive and repetitious lawsuits. *See Cox v. Clark*, No. 4:19-CV-3175 AGF (E.D. Mo. Dec. 5, 2019). Plaintiffs' assertions do not offer a legitimate basis for the undersigned's recusal from this case or a basis for post-judgment relief.

Plaintiffs assert numerous other complaints and objections regarding the manner in which the Court addressed their Complaint and the dispositive motions, dismissed their case, and refused to enter default judgments. These complaints and objections are frivolous. None of the matters asserted by Plaintiffs establish their entitlement to relief under Rule 59(e) because Plaintiffs do not point to any manifest errors of law or fact or any newly discovery evidence. Plaintiffs' motion is denied.

**B. Post-Dismissal Motion for Leave to Amend**

Plaintiffs' "Motion Amending to Add Defendant Failure to Issue Pretrial Conference Order" seeks to add Judge Ronnie L. White as a defendant in this action due to "continuing violation doctrine denial to privileges and immunities under color of federal law due process deprivation Fifth Amendment." Doc. 57, pg. 1. Plaintiffs complain that prior to recusing himself from this action, Judge White was required to but did not issue a pretrial conference order under Rule 16(b), Fed. R. Civ. P.

The Court construes this motion as a post-dismissal motion for leave to file an amended complaint. Post-dismissal motions for leave to amend are disfavored, *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009), and are inappropriate where, as here, the Court dismissed the entire action with prejudice, thus indicating no amendment was possible. *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014). Plaintiffs' proposed claims against Judge White are legally frivolous and would be barred by absolute judicial immunity because they concern judicial acts in a case over which Judge White and this Court had jurisdiction. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Plaintiffs' post-dismissal leave to amend is denied.

### C. Motions to Compel Discovery

Plaintiffs' motions to compel discovery are denied as this case is closed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Reconsider Motion to Set-Aside Order and Judgment Motion to Recuse Motion for Appointment of Master," construed as a motion under Rule 59(e), Fed. R. Civ. P. [53] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion Amending to Add Defendant Failure to Issue Pretrial Conference Order," construed as a post-dismissal motion for leave to file an amended complaint [57] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Compel Discovery [54-56] are **DENIED**.

Dated this 3rd day of January, 2020.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**